JANE E. DERBYSHIRE v. SARAH A. STRICKLAND.

*Exchange of lands—Bill to enforce agreement for security.*

Complainant filed her bill to compel defendant to secure the payment of part of the consideration of an exchange of lands, and the decree granting such relief is affirmed. The case involves questions of fact purely.

Appeal from Eaton. (Hooker, J.) Argued April 4, 1889. Decided April 19,1889.

Bill to compel specific performance of an oral agreement to give security on exchange of lands. Defendant appeals. Affirmed. The facts are stated in the opinion.

*McPeek & Clarke,* for complainant.

*H. J. Patterson,* for defendant.

CAMPBELL, J.   This suit in equity was brought to procure relief for the omission, either by fraud or mistake, to provide security for complainant for part of the consideration of an exchange of lands.   As the case depends chiefly on facts, an extended reference to the conflicting testimony is not needed.

In November, 1886, complainant, who owned a hotel property at Grand Ledge worth about $4,000, and subject to a mortgage of about $650, made a bargain to exchange it for a farm owned by defendant, which was subject to a mortgage of $1,800 in form, but reduced by payment to not far from $1,500.   The exchange was made on the assumption that each piece of property, unincumbered, was of the same value as the other, so that a balance of not far from $900 was to be made good to complainant for the difference between the mortgages.   When the papers were completed, complainant, who seems to have been in some trouble from a recent bereavement, did not scrutinize the papers drawn, and put the deed made by defendant in the hands of defendant's husband for record, and did not actually find out that defendant had not secured her against the excess in the farm mortgage until some time had elapsed.   Defendant then refused to give security, and this bill was filed to compel it.   Complainant's claim is that the security was to have the operation of a purchase-money lien on the hotel property.

Defendant in her answer denied that she agreed to pay or secure the difference, and claims that by reason of certain deficiencies in the hotel the arrangement was made to exchange the two parcels as incumbered, and not as unincumbered.   This claim, however, is not sustained by

her testimony, although she does not admit that the difference was to be secured.

The testimony on complainant's part is positive in favor of the claim that security was to be given, and, as there is no probability that in such a transaction any one of good sense would leave so considerable a part of the consideration without security, we have no doubt that the court below found correctly that such was the agreement. The decree appears to be in accordance with the equities, and we are not prepared to hold that the circumstances would not have justified the recognition of a vendor's lien. But we need not decide this, because, in our opinion, the facts justify the requirement of an express security.

The decree must be affirmed, with costs.

The other Justices concurred.